IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JEANICE FARLEY, individually and on behalf of MICHAEL FARLEY, an incompetent adult; GEORGE FARLEY; JAMES FARLEY; and KIMBERLY-RAE FARLEY, | § § § § § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | No. _____ |
| UNITED STATES OF AMERICA, | § § § § | |
| Defendant | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Jeanice Farley, individually and on behalf of Michael Farley, an incompetent adult; George Farley; James Farley; and Kimberly-Rae Farley file Plaintiffs' Original Complaint against the United States of America, its officers, agents, employees, and representatives (Defendant) and would respectfully show the court the following:

### PARTIES, JURISDICTION, SERVICE OF PROCESS, & VENUE

**1.** This is a medical malpractice case.

**2.** Jeanice Farley, James Farley, and Kimberly-Rae Farley live at 32 Belmont Ave., Keene New Hampshire 03431.

**3.** Michael Farley currently resides in a medical nursing care facility located in Massachusetts.

**4.** George Farley lives at 432 Fore Street, Apt #3C, Portland, ME 04101.

1

5. The Defendant is the United States of America, its officers, agents, employees, and representatives.

6. This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of Federal Tort Claims in the Federal District Court.

7. The United States may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney John P. Kacavas, United States Attorney for the District of New Hampshire, by certified mail, return receipt requested at his office:

> United States Attorney,
> District of New Hampshire,
> 53 Pleasant Street, 4th Floor,
> Concord, NH 03301;

and by serving a copy of the Summons and Complaint on Eric Holder, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office:

> ATTN: Civil Process Clerk
> 10th and Constitution Avenue, N.W.,
> Washington, D.C. 20530.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and Plaintiffs Jeanice, James, Kimberly-Rae and Michael Farley reside in this district. Further, venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES OF AMERICA

9. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with 28 U.S.C. §§ 2671–80, commonly referred to as the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts or omissions of employees of the United States of America at the Manchester VA Medical Center, in Manchester, NH, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## JURISDICTIONAL PREREQUISITES

10. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), Plaintiffs filed their claims with and presented administratively to the Defendant's agency the Department of Veterans Affairs on June 27, 2012. On December 21, 2012, Defendant issued a denial of these claims. Less than six months have passed between the denial of Plaintiffs claims and the filing of this Original Complaint. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## AGENCY, EMPLOYMENT & SCOPE

11. The Department of Veterans Affairs is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Veterans Affairs, at all times material, owned, operated and controlled the health care facilities known as the Manchester VA Medical Center, in Manchester, NH, and through its agency, the Department

of Veterans Affairs, staffed said health care facilities with its officers, agents, servants, or employees.

12. At all relevant times, all persons involved in the medical and health care services provided to Michael Farley at the Manchester VA Medical Center in Manchester, NH, were officers, agents, servants, or employees of the Department of Veterans Affairs, the United States of America, or some agency thereof, and were at all relevant times, acting within the course and scope of such employment.

## FACTS

13. Michael Farley was 58 when the Manchester VA Medical Center (Manchester VAMC) provided him medical treatment from 10/21/10 to 12/2/10. As a result of the Manchester VAMC's medical care, Mr. Farley suffered a catastrophic cerebral vascular accident (CVA) resulting in locked-in syndrome. Mr. Farley is mentally alert and aware but suffers total paralysis, with eye movements as his only means of communication.

14. On October 21, 2010, Mr. Farley presented to urgent care complaining of a sudden loss of right sided peripheral vision with a headache in his left temple. He was seen by ophthalmology and a CT scan of the brain was recommended. The CT stated, "There is poor gray-white discrimination and decreased attenuation with effacement of the sulci in the posterior medial left occipital lobe consistent with a sub-acute infarct."

15. An inter-facility transfer form was completed by Dr. Gray Lamphere. This form stated, "Diagnosis-Subacute left occipital ischemic CVA? From vertebrobasilar dissection; Description of further services needed-MRA; Service not provided at referring facility; Accepting physician Dr. Frank at West Roxbury VAMC Boston, MA." The plan was to transfer Mr. Farley to West Roxbury VA to have a magnetic resonance angiography (MRA) conducted to

evaluate the basilar artery since an MRA could not be performed at the Manchester VAMC. The MRA was needed in order to determine the cause of Mr. Farley's symptoms and provide the appropriate treatment.

16. Instead of transferring Mr. Farley to West Roxbury VA for a MRA and thorough work-up, the decision was made for him to undergo a CTA of the head and neck, at the Manchester VAMC. A CTA is an inferior diagnostic tool compared to the MRA and can miss abnormalities that an MRA would catch. Predictably, the CTA results stated:

> Each vertebral artery is normal in appearance. The basilar artery is normal. Each common carotid artery is normal in appearance. There is a small amount of atherosclerotic plaque at the left carotid bulb. The left internal carotid is normal in appearance. The right internal artery is normal in appearance.

The Manchester VAMC discharged Mr. Farley home instead of transferring him to the West Roxbury VA for the MRA that was recommended. The CTA was not interpreted correctly and/or the view of the basilar artery was not clear on the film due to the limitations of the CTA. This is further evidenced by the fact that Mr. Farley's left occipital sub-acute infarct was due to basilar artery stenosis that went undiagnosed and untreated resulting in total occlusion of the basilar artery and the catastrophic stroke Mr. Farley suffered less than a month and half after the CTA was read as normal.

17. An MRA is a non-invasive diagnostic tool that detects basilar artery occlusion/ischemia. And Mr. Farley's basilar artery issue was responsible for his left occipital lobe infract. An MRA would have detected the issue and allowed providers to timely intervene. An MRA is more sensitive and more specific than CT scans for identifying and diagnosing ischemia and vascular occlusion. It is for this reason that an MRA was originally recommended but ultimately ignored by the Manchester VAMC.

**18.** In addition to failing to perform an MRA, the November 11, 2010 records reflect that Mr. Farley underwent a transesophageal echocardiogram (TEE) with bubble study to rule out a cardiac embolism as the source of the left occipital lobe sub-acute stroke. A later record revealed that Mr. Farley did not actually have a TEE performed, but instead only had a transthoracic echocardiogram (TTE). In a TEE (the test the Manchester VAMC should have performed), the transducer is positioned on an endoscope and is guided down the patient's throat into the esophagus. But a TTE (the test actually performed on Mr. Farley), only places the transducer on the outside of the chest wall. Since the esophagus sits directly behind the heart, a TEE provides a clearer view of the heart's valves and chambers without any interference from the ribs or lungs. Providers treating Mr. Farley falsely believed he had the superior TEE performed, when in actuality he had the inferior TTE. But even the TTE actually performed on Mr. Farley identified that he suffered from coronary artery disease most likely due to atherosclerosis. The test provided more evidence that arterial stenosis was more likely than not the cause of Mr. Farley's left occipital sub-acute infarct. Additional testing, such as the MRA originally recommended but not follow up on by the VA, should have been conducted at this point to determine the cause of the stroke.

**19.** No further testing was conducted on Mr. Farley and he was negligently discharged to home without a proper cardiology work up and without a neurology consult. Mr. Farley was found unconscious at his home on December 2, 2010, approximately six weeks after his initial stroke. He was taken to Monadnock Regional Hospital in Peterborough, NH. He was stabilized and transferred to Elliot Hospital in Manchester, NH with the diagnosis of an acute, massive infarct of the majority of the left brain. An MRA performed revealed "occlusion of basilar 1/3 of the way up. Pontine infract due to basilar artery occlusion likely from atherosclerosis."

**20.** Defendant healthcare providers were negligent in failing to identify the cause of Mr. Farley's left occipital lobe sub-acute infract that he suffered on October 21, 2010 and failed to treat the basilar artery occlusion prior to the infarct on December 2, 2010. The Manchester VA did not have the technology to perform a MRA which was necessary to rule out a basilar artery occlusion. A transfer to West Roxbury VA was planned for the specific purpose of an MRA and further work-up to determine the cause of the minor CVA. However, the transport to West Roxbury was canceled after an inferior exam, the CTA, was performed and interpreted as normal. No further testing to determine the cause of the left occipital lobe sub-acute infarct was conducted and Mr. Farley was discharged home. In this situation, the standard of care required further testing to diagnose the cause of Mr. Farley's infarct. Neurology and Cardiology were not alerted to nor consulted about Mr. Farley. Mr. Farley should not have been discharged home without further work-up.

**21.** If Mr. Farley had been transferred to the West Roxbury VA as initially planned for the MRA or an outpatient MRA had been conducted after the TTE, the basilar artery stenosis would have been identified, properly diagnosed and treated. More likely than not, Mr. Farley would not have suffered the catastrophic CVA on December 2, 2010 that left him with locked-in syndrome.

**22.** Mr. Farley presently has locked-in syndrome, a permanent and life-long brain injury. He is a quadriplegic and completely paralyzed. He has no active movement of any body part, including mouth, arms, fingers, or legs. He only has the limited ability to control his eyes. Mr. Farley's quality of life has been drastically altered. He suffers from an unbearable and permanent injury in which he is cognitively aware of everything, with both memory and feelings intact, but is trapped in his paralyzed body. He cannot speak or alert his healthcare providers to pain or other issues. His only form of communication is attempting to signal with his eyes.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

23. Defendant was negligent in one or more of the following ways:

    (a) Defendant failed to timely and properly care for Michael Farley;

    (b) Defendant failed to timely and properly evaluate Michael Farley;

    (c) Defendant failed to timely and properly treat Michael Farley;

    (d) Defendant failed to timely and properly monitor Michael Farley;

    (e) Defendant failed to provide a proper and complete cardiology work-up and consult prior to discharge;

    (f) Defendant failed to provide a proper and complete neurology work-up and consult prior to discharge; and

    (g) Defendant failed to timely and properly provide follow-up testing for Michael Farley;

24. At all times relevant to this lawsuit, the officers, employees, agents, or representatives of the United States were negligent and causative of the injuries and damages sustained by the Plaintiffs.

## DAMAGES

25. Because of Defendant's negligence, the Plaintiffs have suffered, and continue to suffer, severe injuries, including past and future physical and mental pain and suffering; past and future medical, healthcare, and attendant care expenses; permanent disfigurement; past and future permanent physical impairment; loss of enjoyment of life; loss of earnings and earning

capacity; and out of pocket expenses and other pecuniary losses. Such injuries are, in reasonable probability, permanent. Plaintiffs bring this suit to recover all damages cognizable under the applicable state and federal law resulting from the injuries to them.

26. Because of the negligence of the United States employee healthcare providers, Michael Farley has sustained damages and injuries, including:

> (1) Past and future pain, suffering, and mental anguish;
>
> (2) Past and future health and attendant care expenses;
>
> (3) Past and future physical disfigurement;
>
> (4) Loss of earnings and earning capacity;
>
> (5) Loss of consortium with his wife and children;
>
> (6) Past and future mental impairment;
>
> (7) Past and future physical impairment;
>
> (8) Past and future loss of enjoyment of life;
>
> (9) Out-of-pocket expenses; and
>
> (10) Other pecuniary damages

In addition, Mr. Farley seeks recovery of all other damages to which he is entitled pursuant to the applicable state and federal laws.

27. As wife of Mr. Farley, Jeanice Farley individually incurred damages, including:

> (1) Past and future mental anguish;
>
> (2) Past and future loss of household services;
>
> (3) Past attendant care to the time of trial;
>
> (4) Loss of consortium with her husband;
>
> (5) Out-of-pocket expenses; and
>
> (6) Other pecuniary damages.

In addition, Jeanice Farley seeks recovery of all other damages to which she is entitled pursuant to applicable state and federal laws.

28.     As Michael Farley's children, George Farley, James Farley, and Kimberly-Rae Farley, individually have incurred damages, including:

       (1) Past and future mental anguish;

       (2) Loss of consortium with their father, Michael Farley; and

       (3) Other pecuniary damages.

In addition, George Farley, James Farley, and Kimberly-Rae Farley seek recovery of all other damages to which they are entitled pursuant to the applicable state and federal laws.

## RELIEF SOUGHT

Plaintiffs request that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, Plaintiffs have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Larry Vogelman\
Larry Vogelman\
Nixon, Vogelman, Barry, Slawsky, & Simoneau\
New Hampshire State Bar No: 10280\
77 Central St.\
Manchester, NH 03101\
Telephone: (603)669-7070\
E-mail: LVogelman@davenixonlaw.com

Jamal K. Alsaffar, *pro hac vice pending*\
Texas State Bar Number: 24027193\
ARCHULETA, ALSAFFAR & HIGGINBOTHAM\
1100 Lakeway Dr., Suite 101\
Austin, Texas 78734\
Telephone: 512-266-7676\
Fax: 512-266-4646\
Email: JAlsaffar@govtclaim.com

Attorneys for the Plaintiffs