IN THE UNITED STATES DISTRICT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JEANICE FARLEY, individually and on behalf of MICHAEL FARLEY, an incompetent adult, | § § § § | |
| Plaintiff | § § § | |
| vs. | § | No. 1:13-cv-261-LM |
| UNITED STATES OF AMERICA, | § § | |
| Defendant | § § § § § | |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION TO ESTABLISH THE MICHAEL FARLEY 2015
IRREVOCABLE REVERSIONARY MEDICAL CARE TRUST**

The parties move and request the Court to establish the "Michael Farley 2015 Irrevocable Medical Care Trust" to deposit past and future medical care damages with a reversionary interest to the United States upon Mr. Farley's death.

The parties have attached as **Exhibit A** the proposed language of the "Michael Farley 2015 Irrevocable Reversionary Medical Care Trust." Plaintiff and Defendant agree on the language of the trust in its entirety with one exception. The only disagreement the parties have is to the amount of initial funding for the Reversionary Trust, which the parties have left blank in Article I and Schedule B to the Reversionary Trust.

1

## PLAINTIFF'S ARGUMENT ON APPORTIONMENT

Defendant does not dispute the recovery or the amount of the attorneys' fees (25% of the entire judgment) or the reimbursement of litigation costs ($282,336.20).[1] The only dispute is from what part of the judgment attorneys' fees and litigation expenses should come. Plaintiff's position is that attorneys' fees and costs should be deducted from the judgment, proportionally split between the trusts. Defendant's position is that those fees and costs should come solely from Mr. Farley's non-economic damages recovery, requiring the non-economic supplemental trust depleted from $8.1 million to approximately $2.6 million.

Plaintiff requests the Court enter an Order for the reversionary trust according to the following calculation:

|   | $13,368,710.62 | Medical Damages in Verdict |
|---|---|---|
| − | $3,342,177.66 | Attorneys fees (25%) on $13,368,710.62 |
| − | $174,997.52 | Reversionary Trust Share of Litigation Costs |
|   | $9,851,535.44 | Total Funded into Reversionary Trust |

Plaintiff requests this method because it is in Mr. Farley's best interest to take attorneys fees and costs out of the two trusts in proportion to the value of the trusts—any other method inequitably benefits the tortfeasor at Mr. Farley's expense. From the $13,368,710.62 allocated for future medical damages, Plaintiff has deducted a

---

[1] Total litigation expenses *as of the date of this filing* are $282,336.20. Plaintiff has attached as **Exhibit B** a declaration of itemized costs, incurred pursuant to the attorney-client agreement. Plaintiffs have divided these costs proportionally to the value of each recovery in the Court's order, such that $174,997.52 is deducted from the Reversionary Trust, $106,029.67 is deducted from the Supplemental Trust, and $1,309.01 from the $100,000 award to Jeanice Farley.

2

proportional share of attorneys' fees and litigation expenses. The remainder will be invested by the trustee (as defined in the Trust and appointed by the Court) and disbursed according to the Trust. Should Mr. Farley die prematurely, the trustee is required to first satisfy any expenses for Michael's care that remain unpaid at the time of his death. Then, the remainder of the trust reverts to the Defendant.

Courts also follow Plaintiff's method across the country. The Seventh Circuit held, in an FTCA action, that a district court exceeded its jurisdiction when it did not allow upfront payment of attorneys' fees and costs from a reversionary trust. *Robak v. United States*, 658 F.2d 471, 479–80 (7th Cir. 1981). In fact, the Court held that finding for the Government would create a chilling effect preventing service members and veterans from bringing suit to vindicate their rights. *Id.* at 480 n.28. Additionally, *Smith v. United States* is an FTCA case where the Court found a reversionary trust to be appropriate and deducted a proportionate share of attorneys' fees and costs before depositing medical damages into the trust. No. 3:09-cv-249, 2012 WL 3017704, at *20 (W.D. Penn. Jul. 23, 2012).[2] This method is the Government's long-standing practice in the settlement context as well.[3]

---

[2] *See also Gerow v. United States*, No. 93-cv-1198, 1997 WL 538910, at *5 (N.D.N.Y. Aug. 26, 1997) (deducting fees in FTCA case before depositing medical damages into supplemental needs trust); *Lee v. United States*, No. 08-ca-531 (W.D. Tex. Mar. 16, 2015) (requiring upfront payment of fees & costs before funding of FTCA reversionary trust); *Becker v. United States*, No. 1:03-cv-184-SS, at 2 (W.D. Tex. Jun. 10, 2004) (Document #51) (placing into trust damages for a minor, but only after payment of both attorneys fees and litigation expenses); *Dominguez v. United States*, No. 1:03-cv-134, at 19 (W.D. Tex. Mar. 30, 2005) (Document #101).

[3] *E.g.*, *Chickaway v. United States*, No. 4:11-cv-22, at 2 (S.D. Miss. Aug. 7, 2014); *Gerry v. United States*, No. 1:11-cv-842-SS, at 2–4 (W.D. Tex. Apr. 12, 2013) (order approving attorneys' fees and expenses to be taken out of recovery); *Richardson v. United States*, No. 5:10-cv-903-FB (W.D. Tex. Nov. 30, 2012) (attorney expenses to be taken out of upfront cash in reversionary trust); *Humble v. United States*, No. 1:09-cv-

3

Defendant is taking the unusual and unprecedented step of devaluing one element of damages (non-economic) over another (medical), when the Court's order made no such finding. The Court's finding is consistent with the FTCA attorney fee statute, which states that the attorney fee should be taken from the total judgment—not a portion of it. *See* 28. U.S.C. § 2678. And it's worth noting Defendant's approach would benefit Defendant's reversionary interest.

### DEFENDANT'S ARGUMENT ON APPORTIONMENT

Defendant takes the position that the Court's Memorandum and Order of April 3, 2015, appeared to emphasize the need to maximize the funding of the reversionary medical care trust to assure that it can fully meet Mr. Farley's medical needs throughout his lifetime.  In particular, the Court noted that the sum of $1,368,710.62 would be "medically necessary to cover the upfront, one-time costs of Mr. Farley's past medical expenses, his contracture surgery, and the purchase or conversion of a home to accommodate his needs."  DN 58 at 112-113.  The Court held that the sum of $12,000,000 was reasonably necessary to provide for Mr. Farley's future medical care. Id. at 113.

---

865-LY, at 8–9 (W.D. Tex. Dec. 10, 2012) (stipulation that attorneys fees and expenses to be taken out of recovery); *Bailey v. United States*, No. 1:07-cv-275, at 2 (W.D. Tex. Feb. 2, 2008) (same); *Pineda v. United States*, No. 1:03-cv-103-JRN, at 2, 7 (W.D. Tex. Jan. 20, 2005) (same); *Van Voris v. United States*, No. 3:03-cv-248-DB (W.D. Tex. Sept. 28, 2004) (same); *Madrid v. United States*, No. 1:01-cv-288-JRN, at 3, 6 (W.D. Tex. Jun. 11, 2003) (same); *Gardner v. United States*, No. 3:13-cv-63, 2013 WL 3457142, at *4 (D.S.C. Jul. 9, 2013); *Murphy v. United States*, 833 F. Supp. 1199, 1211–12 (E.D. Va. 1993). *See also Wyatt v. United States*, 783 F.2d 45 (6th Cir. 1986) (requiring attorneys fees paid up front based on the present value of a structured payment).

4

In particular, the Court expressly stated that it "intends to order the government to place Mr. Farley's entire medical care award into a trust administered by a person completely independent of both the government and Mr. Farley's relatives." DN 58 at 121. The Court noted that such a trust "would maximize the possibility that the corpus of the trust would be used to provide Mr. Farley with the best care as soon as possible." Id. The Court expressly ordered that the "portion of the lump-sum payment to Mr. Farley that is devoted to Mr. Farley's medical care ($13,268,710.62) shall be placed into a trust for the benefit of Mr. Farley," further noting that the "goal of such trust shall be to maximize the likelihood that the medical care award will be spent solely on Mr. Farley's medical care during the remainder of his life and in a manner that maximizes his physical and mental wellbeing." Id. at 122.

The Court also entered an ample non-economic damages award to Mr. Farley in the amount of $8,100,000.00 with an additional consortium award of $100,000.00 to Mrs. Farley. The United States infers that the Court intended that the medical care trust be fully funded in the amount of $13,268,710.62. The United States acknowledges that the Court clearly awarded attorney fees in the amount of 25% of the full amount of the judgment. Therefore, to the extent that the Court intended that the medical care trust be fully funded, the United States believes that attorney fees and costs should not be deducted from the $13,268,710.62 stated in the Court's Memorandum and Order.

Plaintiffs propose to remove over $3.5 million dollars from Michael Farley's court-created trust dedicated to his medical care needs. When faced with a similar situation, another federal district court declined to do so, thereby maximizing the availability of funds in a trust designed for the plaintiff's medical care needs. See

5

Wilmoth v. United States, Case No. CV-05-1251-PHX-FJM (D. Ariz. May 10, 2007), DN 85 at 3 (denying plaintiffs' counsel's request to deduct fees and costs from reversionary trust and instead "funding the reversionary trust to the full extent of [plaintiff's] future medical expenses").

                                             Respectfully Submitted,

/s/
Jamal K. Alsaffar, *pro hac vice*
jalsaffar@nationaltriallaw.com
Texas State Bar #2402719
Tom Jacob, *pro hac vice*
tjacob@nationaltriallaw.com
Texas State Bar #24069981
For Whitehurst, Harkness, Brees, Cheng,
    Alsaffar, & Higginbotham, PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

Lawrence Vogelman
N.H. State Bar #10280
For Nixon, Vogelman, Barry, Slawsky, &
    Simoneau
77 Central St.
Manchester, NH 03101
(603) 669-7070

Attorneys for the Plaintiff

/s/ (signed with permission)
T. David Plourde
Assistant U.S. Attorney
Chief, Civil Division
NH Bar #2044
53 Pleasant St, 4th Floor
Concord, NH 03301
(603) 225-1552

6

David.plourde@usdoj.gov

Attorney for the United States

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of this motion has been sent to the following on April 22, 2015 via the Court's CM/ECF notice system.

                                    T. David Plourde
                                    Assistant U.S. Attorney
                                    Chief, Civil Division
                                    NH Bar #2044
                                    53 Pleasant St, 4th Floor
                                    Concord, NH 03301
                                    (603) 225-1552
                                    David.plourde@usdoj.gov